Attachment A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FILED**

*Joseph Randolph Mays, pro se*

OCT 1 3 2020

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

_____
*Your full name*

**FEDERAL CIVIL RIGHTS
COMPLAINT
(*BIVENS* ACTION)**

v.

*Jennifer Saad*

*Richard Hudgins*

*Eddie Anderson*

*Alicia Wilson*

Civil Action No.: **3:20 cv 199**
*(To be assigned by the Clerk of Court)*

Groh
Trumble
Sims

*Enter above the full name of defendant(s) in this action*

Continued on Page 7A

## I.   JURISDICTION

This is a civil action brought pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).** The Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 2201.

## II.   PARTIES

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.*

A.   Name of Plaintiff: **Joseph Randolph Mays**   Inmate No.: **43487-007**
Address: **Federal Correctional Institution - Gilmer
PO Box 6000 Glenville, WV 26351-6000**

*In Item B below, place the full name of each defendant, his or her official position, place of employment, and address in the space provided.*

Attachment A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FEDERAL CIVIL RIGHTS COMPLAINT

DEFENDANT LIST CONTINUATION

| Name (First Name, Last Name) | Location | Title |
|---|---|---|
| R. Thompson | FCI Gilmer | Associate Warden |
| Jessica Houchin | FCI Gilmer | EMTP |
| Jon Bremar | FCI Gilmer | EMTP |
| Ricardo Ploud | Regional Office (MXR) | Physician (MLP) |
| Dr. Kirby | Regional Office (MXR) | Physician (MLP) |
| Joshua Hall | FCI Gilmer | Registered Nurse |
| Mr. McAdams | FCI Gilmer | Remedy Administrator/Clerk |
| Rebecca Grove | FCI Gilmer | Assistant Administrator (Acting) |
| HSA Moore | FCI Gilmer | Administrator (Health Services) |
| Michael Weaver | FCI Gilmer | Registered Nurse |
| H. Williams | Regional Office (MXR) | Remedy Coordinator |
| Angela Dunbar | Regional Office (MXR) | Regional Director |
| D. J. Harmon | Regional Office (MXR) | Regional Director |
| R. Clem | FCI Gilmer | C-Unit Manager |
| Officer Tanner | FCI Gilmer | Correctional Officer |
| Officer Hudnall | FCI Gilmer | Correctional Officer |
| Ian Connors | FBOP Central Office | Appeals Administrator |
| John Doe | FCI Gilmer | Remedy Administrator/Clerk |
| John/Jane Does | TBD | TBD |
| E. Dodril | FCI Gilmer | A-Unit Manager |
| Jazmine Valdivieso | FCI Gilmer | Registered Nurse |

**Attachment A**

**B.** Name of Defendant: _Jennifer Saad_
Position: _Warden (Retired)_   Last known address ⤵
Place of Employment: _FEDERAL CORRECTIONAL INSTITUTION - GILMER_
Address: _201 FCI LANE_
_GLENVILLE, WV 26351-5000_

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?   ☑ Yes   ☐ No

If your answer is "YES," briefly explain: _Defendant Saad was the_
_CEO of FCI Gilmer and was responsible for exercising controls_
_to protect individuals. She, by the latter, was also responsible_
_for providing for the safekeeping and care of the Plaintiff._

**B.1** Name of Defendant: _Richard Hudgins_
Position: _Warden_
Place of Employment: _FEDERAL CORRECTIONAL INSTITUTION - GILMER_
Address: _201 FCI LANE_
_GLENVILLE, WV 26351-5000_

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?   ☑ Yes   ·   ☐ No

If your answer is "YES," briefly explain: _Defendant Hudgins, as_
_current CEO of FCI Gilmer, is responsible for exercising controls_
_to protect individuals. He, by the latter, is also responsible_
_for providing for the safekeeping and care of the_
_Plaintiff._

**B.2** Name of Defendant: _Eddie Anderson_
Position: _Clinical Director / Physician_
Place of Employment: _FEDERAL CORRECTIONAL INSTITUTION - GILMER_
Address: _201 FCI LANE_
_GLENVILLE, WV 26351-5000_

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?   ☑ Yes   ☐ No

**Attachment A**

If your answer is "YES," briefly explain: Defendant Anderson is responsible for the oversight of the clinical care provided at the institution, including the evaluation of patient care. He is responsible for the safekeeping and care of the Plaintiff. He also provides clinical supervision for other clinical personnel (nurses, Emergency Medical Technicians [EMTs], etc.).

B.3   Name of Defendant: Alicia Wilson
Position: Physician's Assistant (PA)
Place of Employment: FEDERAL CORRECTIONAL INSTITUTION - GILMER
Address: 201 FCI LANE
GLENVILLE, WV 26351-5000

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑Yes   ☐ No

If your answer is "YES," briefly explain: Defendant Wilson is responsible for working with Defendant Anderson as a Physician's Assistant (PA). She is also responsible for providing medical care to the Plaintiff. NOTE: FBOP refused to provide me with her job description (FOIA 6-2019).

B.4   Name of Defendant: R. Thompson
Position: Associate Warden
Place of Employment: FEDERAL CORRECTIONAL INSTITUTION - GILMER
Address: 201 FCI LANE
GLENVILLE, WV 26351-5000

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑Yes   ☐ No

If your answer is "YES," briefly explain: Defendant Thompson was authorized to act on behalf of Defendant Hudgins, when she responded to the Plaintiff's grievance (986154-F1) on 8-13-2019. She is also responsible for the safekeeping and care of the Plaintiff. She was also the Associate Warden responsible for overseeing Health Services.

Attachment A

B.**5** Name of Defendant: Jessica Houchin

Position: EMT

Place of Employment: FEDERAL CORRECTIONAL INSTITUTION – GILMER

Address: 201 FCI LANE

GLENVILLE, WV 26351-5000

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes   ☐ No

If your answer is "YES," briefly explain: Defendant Houchin is an EMT (Emergency Medical Technician) and is responsible for duties that are within the scope of their training. She is also responsible for the safekeeping and care of the Plaintiff.

B.**6** Name of Defendant: Jon Bremar

Position: EMT

Place of Employment: FEDERAL CORRECTIONAL INSTITUTION – GILMER

Address: 201 FCI LANE

GLENVILLE, WV 26351-5000

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes   ☐ No

If your answer is "YES," briefly explain: Defendant Bremar is an EMT (Emergency Medical Technician) and is responsible for duties that are within the scope of their training. He is also responsible for the safekeeping and care of the Plaintiff.

B.**7** Name of Defendant: Ricardo Plaud

Position: Physician / Mid-Level Practitioner (MLP)

Place of Employment: Mid-Atlantic Regional Office – FBOP

Address: 302 Sentinel Drive Suite 200

Annapolis Junction, MD 20701

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes   ☐ No

**Attachment A**

If your answer is "YES," briefly explain: Defendant Plaud is responsible for providing care to the Plaintiff based on his knowledge and skills per his practice agreement. He also has a duty of care to provide for the safekeeping and care of the Plaintiff. He is supervised by the Health Services Administrator or their Assistant (AHSA)

B.8  Name of Defendant: Dr.    Kirby
Position: Physician / Mid Level Practitioner (MLP)
Place of Employment: Mid-Atlantic Regional Office
Address:        302 Sentinel Drive Suite 200
                Annapolis Junction, MD 20701

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes      ☐ No

If your answer is "YES," briefly explain: Defendant Kirby is responsible for providing care to the Plaintiff based on his knowledge and skills per his practice agreement. He also has a duty of care to provide for the safekeeping and care of the Plaintiff. He is supervised by the Health Services Administrator or their Assistant (AHSA).

B.9  Name of Defendant: Joshua Hall
Position: Nurse (Registered-RN) Last known address ↓
Place of Employment: FEDERAL CORRECTIONAL INSTITUTION-GILMER
Address:        201 FCI LANE
                GLENVILLE, WV 26351-5000

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes      ☐ No

If your answer is "YES," briefly explain: Defendant Hall was a Registered Nurse and was responsible for the coordination, implementation, and assessment of patient response to care. He is also responsible for providing ongoing health education. He had a duty to the Plaintiff to provide for his safekeeping and care.

**Attachment A**

B.10 Name of Defendant: Mr. McAdams

Position: _Administrative Remedy Coordinator / Clerk_

Place of Employment: _FEDERAL CORRECTIONAL INSTITUTION - GILMER_

Address: _201 FCI LANE_

_GLENVILLE, WV 26351-5000_

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes   ☐ No

If your answer is "YES," briefly explain: _Defendant McAdams was the Administrative Remedy Coordinator / Clerk and was responsible for all clerical processing of Administrative Remedies, for accurately maintaining the SENTRY index, and for generating SENTRY inmate notices. He was also responsible for the safekeeping and care of the Plaintiff._

B.11 Name of Defendant: Rebecca Grove    ✓ Last known address

Position: _Assistant / Acting Health Services Administrator_

Place of Employment: _FEDERAL CORRECTIONAL INSTITUTION - GILMER_

Address: _201 FCI LANE_

_GLENVILLE, WV 26351-5000_

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes   ☐ No

If your answer is "YES," briefly explain: _Defendant Grove was the Assistant and Acting Health Services Administrator (AHSA) and was responsible for the administrative operation of the Health Services Unit (HSU) as assigned by the Health Services Administrator (Defendants Weaver and Moore - she acted as HSA in between). She also has a duty of care to the Plaintiff to provide for his safekeeping and care._

B.12 Name of Defendant: Mrs. Moore

Position: _Health Services Administrator_  ✓ Last known address

Place of Employment: _FEDERAL CORRECTIONAL INSTITUTION - GILMER_

Address: _201 FCI LANE_

_GLENVILLE, WV 26351-5000_

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes   ☐ No

Attachment A

If your answer is "YES," briefly explain: Defendant Moore is responsible for planning, implementing, and directing all aspects of the department's administration, including the supervision of administrative personnel. Defendant Moore also has a duty of care to the Plaintiff to provide for his safekeeping and care.

B.13 Name of Defendant: Michael Weaver
Position: Health Services Administrator (former)/Nurse
Place of Employment: FEDERAL CORRECTIONAL INSTITUTION - GILMER
Address: 201 FCI LANE
GLENVILLE, WV 26351-5000

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes   ☐ No

If your answer is "YES," briefly explain: Defendant Weaver was responsible for planning, implementing, and directing all aspects of the department's administration, including the supervision of administrative personnel. As a Nurse, he is accountable to the Clinical Director (Defendant Anderson) and coordinates, implements, and assesses patient response to care. He is also responsible for the safekeeping and care of the Plaintiff.

B.14 Name of Defendant: H.      Williams
Position: Mid-Atlantic Regional Office Administrative Remedy Coordinator
Place of Employment: Mid-Atlantic Regional Office (FBOP)
Address: 302 Sentinel Drive Suite 200
Annapolis Junction, MD 20701

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes   ☐ No

If your answer is "YES," briefly explain: Defendant Williams is responsible for monitoring the Administrative Remedy Program at the Regional level. They are responsible for signing any rejection notices and ensuring the accuracy of SENTRY entries (e.g. abstracts, subject codes, etc.). They also serve as the primary point of contact for the Warden (Defendant Hudgins) or the Regional Director (Defendant Hannan). They also have a duty of care to the Plaintiff to provide for safekeeping and care of the Plaintiff.

Attachment A

B15   Name of Defendant: _Angela Dunbar_

Position: _Regional Director_

Place of Employment: _Mid Atlantic Regional Office (FBOP)_

Address: _302 Sentinel Drive Suite 200_

_Annapolis Junction, MD 20701_

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes   ☐ No

If your answer is "YES," briefly explain: _Defendant Dunbar was responsible for investigating and responding to Administrative Remedy Requests and Appeals. She also had a duty to provide for the safekeeping and care of the Plaintiff. She is also responsible for the operation of the Remedy Program at her level._

## III.   PLACE OF PRESENT CONFINEMENT

Name of Prison/ Institution: _FEDERAL CORRECTIONAL INSTITUTION - GILMER_

A.   Is this where the events concerning your complaint took place?
☑ Yes   ☐ No

If you answered "NO," where did the events occur?

_____

B.   Is there a prisoner grievance procedure in the institution where the events occurred?   ☑ Yes   ☐ No

C.   Did you file a grievance concerning the facts relating to this complaint in the prisoner grievance procedure?
☑ Yes   ☐ No

D.   If your answer is "NO," explain why not: _N/A_

_____

_____

_____

E.   If your answer is "YES," identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed

Attachment A

B. 16  Name of Defendant: D. J. Harmon
Position: Regional Director
Place of Employment: Mid-Atlantic Regional Office (FBOP)
Address: 302 Sentinel Drive Suite 200
Annapolis Junction, MD 20701

Was this Defendant acting under the authority or color of federal
state law at the time these claims occurred? ☑ Yes    ☐ No

If your answer is "Yes" briefly explain: Defendant Harmon is
responsible for investigating and responding to Administrative
Remedy Requests and Appeals. They also have a duty to
provide for the safekeeping and care of the Plaintiff. They
are also responsible for the operation of the Remedy Program
at the Regional level.

B. 17  Name of Defendant: R.    Clen
Position: Unit Manager (C-Unit
Place of Employment: FEDERAL CORRECTIONAL INSTITUTION - GILMER
Address: 201 FCI LANE
GLENVILLE, WV 26351-5000

Was this Defendant acting under the authority or color of federal
state law at the time these claims occurred? ☑ Yes    ☐ No

If your answer is "Yes" briefly explain: Defendant Clen is
responsible for ensuring that inmate notices (receipts,
extension notices, and receipt disregard notices from
institutions, regions, and the Central Office) are printed
out and delivered daily to inmates in their units and
for deleting these notes from SENTRY promptly after delivery
to the inmate.

Attachment A



B. 18 Name of Defendant: Mr. (Officer) Tanner
Position: Correctional Officer
Place of Employment: FEDERAL CORRECTIONAL INSTITUTION - GILMER
Address: 201 FCI LANE
GLENVILLE, WV 26351-5000

Was this Defendant acting under the authority or color of federal
state law at the time these claims occurred? ☑ Yes    ☐ No

If your answer is "Yes" briefly explain: Defendant Tanner,
as a medical escort for the Plaintiff, is responsible for taking
the Plaintiff to community providers and to follow the instructions
of medical staff and specialists (e.g. obtain blood work at the lab).
He also has a duty of care to provide for the Plaintiff's safekeeping
and care (adequate medical treatment).

B. 19 Name of Defendant: Mr. (Officer) Hudnall
Position: Correctional Officer
Place of Employment: FEDERAL CORRECTIONAL INSTITUTION - GILMER
Address: 201 FCI LANE
GLENVILLE, WV 26351-5000

Was this Defendant acting under the authority or color of federal
state law at the time these claims occurred?   ☑ Yes    ☐ No

If your answer is "Yes" briefly explain: Defendant Hudnall,
as a medical escort for the Plaintiff, is responsible for taking
the Plaintiff to community providers and to follow the instructions
of medical staff and specialists (e.g. obtain blood work at the lab).
He also has a duty of care to provide for the Plaintiff's safekeeping
and care (adequate medical care).

10 B

Attachment A

B. 20 Name of Defendant: Ian Connors
Position: Central Office Inmate Appeals Coordinator
Place of Employment: Federal Bureau of Prisons (FBoP) Central Office
Address: 320 First Street NW
Washington, DC 20534

Was this Defendant acting under authority or color of federal
state law at the time these claims occurred? ☑ Yes   ☐ No

If your answer is "Yes" briefly explain: Defendant Connors is
responsible for monitoring the Remedy Program at the Central Office
level and shall ensure that appropriate staff (e.g. Clerk, unit staff)
have the knowledge needed to operate the procedure. They are also
responsible for signing rejection notices and ensuring the accuracy
of SENTRY entries (e.g. abstracts, subject codes, etc.). They shall serve
as the primary point of contact for the Warden (Defendants Saad and
Hudgins) or the Regional Director (Defendants Dunbar and Harmon). ✱

B. 21 Name of Defendant: John Doe
Position: [Current] Administrative Remedy Coordinator/Clerk
Place of Employment: FEDERAL CORRECTIONAL INSTITUTION - GILMER
Address: 201 FCI LANE
GLENVILLE, WV 26351-5000

Was this Defendant acting under the authority or color of federal
state law at the time these claims occurred? ☑ Yes   ☐ No

If your answer is "Yes" briefly explain: Defendant Doe is
responsible for all clerical processing of Administrative Remedies,
for accurately maintaining the SENTRY index, for generating
SENTRY inmate notices and the safekeeping and care of
the Plaintiff.

✱ He is also responsible for the safekeeping and care (adequate
medical care) of the Plaintiff.

10C

Attachment A

B. 22 Name of Defendant: E. Dodril
Position: Unit Manager (A-Unit)
Place of Employment: FEDERAL CORRECTIONAL INSTITUTION - GILMER
Address:     201 FCI LANE
              GLENVILLE, WV 26351-5000

Was this Defendant acting under authority or color of federal
state law at the time these claims occurred? ☑ Yes     ☐ No

If your answer is "Yes" briefly explain: Defendant Dodril is
responsible for providing for the safekeeping and care of
inmates and for treating them with dignity and respect. He
is, therefore, responsible for providing for the care of the
Plaintiff (e.g. not hindering his access to care).


B. 23   Name of Defendant: John/Jane Does
Position:   TBD
Place of Employment: TBD
Address:        TBD


Was this Defendant acting under authority or color of federal
state law at the time these claims occurred? ☑ Yes     ☐ No

If your answer is "Yes" briefly explain: TBD (To be
determined, if newly discovered evidence justifies it)

Attachment A

B. 24   Name of Defendant: Jazmine Valdivieso
        Position: Nurse
        Place of Employment: FEDERAL CORRECTIONAL INSTITUTION - GILMER
        Address:                201 FCI LANE
                        GLENVILLE, WV 26351-5000

Was this Defendant acting under authority or color of federal
state law at the time these claims occurred? ☑ Yes   ☐ No

If your answer is "Yes" briefly explain: Defendant Valdivieso
is a Registered Nurse and is responsible for the coordination,
implementation, and assessment of patient response to care. She
is also responsible for providing ongoing health education. She has
a duty to provide for the Plaintiff's safekeeping and care.

10E

and state the result at level one, level two, and level three. **ATTACH GRIEVANCES AND RESPONSES:**

See Exhibit List and Grievance Package (36 pages)

LEVEL 1   936342- F-1, 986154- F1, 992661- F1

LEVEL 2   936342- R1, 986154- R1, 992661- R1

LEVEL 3   936342- A1, 986154- A1, 992661- A1

★ 986154-A2 Central Office failed to respond

## IV.   PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?        ☐ Yes        ☒ No

B.   If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1.   Parties to this previous lawsuit:

Plaintiff(s):  N A

Defendant(s):  N A

2.   Court:  N/A
(If federal court, name the district; if state court, name the county)

3.   Case Number:  N/A

4.   Basic Claim Made/Issues Raised:  N/A

5.   Name of Judge(s) to whom case was assigned:
N/A

6.   Disposition:  N/A
(For example, was the case dismissed? Appealed? Pending?)

7.   Approximate date of filing  lawsuit:  N/A

**Attachment A**

8.    Approximate date of disposition. Attach Copies: _N/A_

C.    Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?
         ☐ Yes       ☐ No   _N/A_

D.    If your answer is "YES," briefly describe how relief was sought and the result.  If your answer is "NO," explain why administrative relief was not sought.
         _N/A_ _____

_____

_____

_____

E.    Did you exhaust available administrative remedies?
         ☐ Yes       ☐ No   _N/A_

F.    If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion.  If your answer is "NO," briefly explain why administrative remedies were not exhausted.
         _N/A_ _____

_____

_____

_____

_____

G.    If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  Describe each civil action or appeal.  If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G.  PREVIOUSLY DISMISSED ACTIONS OR APPEALS"   ★★★ RECEIVED INFORMATION 10-2-2020 ★★★

1.    Parties to previous lawsuit: Warden Smith, et al.

Plaintiff was retaliated against for filing a legitimate grievance and prevented from exhausting his remedies.

Attachment A

Plaintiff(s): ___ JOSEPH RANDOLPH MAYS ___

Defendant(s): ___ Warden T. B. Smith, et al. ___

2. Name and location of court and case number:

___ US District Court for the Eastern District of NC
N ___ PO Box 25670
___ Raleigh, NC 27611 ___ 5:18-CT-3186-FL ___

3. Grounds for dismissal:  ☐ frivolous  ☐ malicious ___
10-5-2018 ___ failure to state a claim upon which relief may be granted

4. Approximate date of filing lawsuit: ___ 7-23-2018 ___

5. ★ Approximate date of disposition: ___ 9-30-2020 ___

★ Plaintiff plans to appeal dismissal

## V.   STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the __facts__ of your case.   Describe what __each__ defendant did to violate your constitutional rights.   **You must include allegations of specific wrongful conduct as to EACH and EVERY defendant in the complaint.** Include also the names of other persons involved, dates, and places.   Do not give any legal arguments or cite any cases or statutes.   If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph. **UNRELATED CLAIMS MUST BE RAISED IN SEPARATE COMPLAINTS WITH ADDITIONAL FILING FEES.  NO MORE THAN FIVE (5) TYPED OR TEN (10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT.  (LR PL 3.4.4)*

CLAIM 1: The Plaintiff was subjected to the denial and delay of medical treatment of his serious medical needs by the Defendants' deliberate indifference to those needs.

Supporting Facts: 1. The Plaintiff has been suffering in pain since February 2018.

Attachment A

2. As to paragraph 1., the Plaintiff has been suffering from severe stomach/abdominal and kidney area pain.

3. As to paragraph 2. a large (4.3 cm (1.6 inches) diameter cyst was found in the Plaintiff's left kidney (lower pole) in Sept. 2018.

CLAIM 2: The Plaintiff was subjected to cruel and unusual punishment due to the deliberate indifference of the Defendants and their refusal to address his pain and his serious medical issues.

Supporting Facts: 53. Defendants Anderson and Wilson refused to follow-up on the Plaintiff's complaints of severe pain (8 to 9 out of 10) in his left kidney area.

54. Defendants Anderson and Wilson refused to order an ultrasound or follow-up CT Scan to see if the cyst had grown.

CLAIM 3: The Defendants conspired to interfere with the Plaintiff's access to medical care and to the courts (civil rights).

Supporting Facts: 68. Defendant Doe (FCI Gilmer Administrative Remedy Coordinator) downplayed the seriousness of the Plaintiff's medical conditions by inputting "Other Medical Matters" instead of the correct subject code, "Denial/Delay of Medical Care", which is written -clearly- at the top of the Plaintiff's grievances.

CLAIM 4: The Defendants falsified information in the Plaintiff's medical records, which, in turn, hindered/prevented the approval of consultations based upon information in the Plaintiff's records and led to the Plaintiff suffering a heart attack.

Supporting Facts: 76. Defendant J. Valdivieso, on 7-31-2020, noted that the Plaintiff's hands were normal in color, when they were actually blue in color and was the reason C-3 Unit Officer Marshall called Health Services back, when the Plaintiff had complained of chest pains. ★ ATTACHED 14A - 14K (11 PAGES)

CLAIM 1: (cont'd...)                                    Attachment A

4. The Plaintiff had asked for a special/medical diet as far back as April 2018. See Exhibits SE7, 3p2 (Request to Staff (Medical) 4-14-18

5. The Plaintiff had been told, that he may have an ulcer, by Defendant Houchin.

6. The Plaintiff had been prescribed Ibuprofen 200mg by Defendant Wilson on 2-20-2018 - 28 tablets. See Exhibits 1p1, SE1, SE2

7. The Plaintiff was given 800mg Ibuprofen (Motrin) tablets, on 3-1-2018, even despite the Plaintiff's complaints, by Defendants Wilson and Bremar. See Exhibit SE1

8. As to paragraph 7., the Plaintiff had complained of stomach pain from the Ibuprofen 200mg. See Exhibits SE1 and SE4

9. Defendant Grove was deliberately indifferent to the Plaintiff's serious medical needs when she falsely stated that at no time was the Plaintiff in distress or had an emergency situation.

10. As to paragraph 9., Defendant Grove was not around to know that Defendants Houchin, Bremar, and Wilson did not check the Plaintiff's blood pressure as he had requested - he had severe headaches. See Exhibits 3p2 and SE3

11. As to Defendant Bremar, this can be verified by Officer Sprouse and Case Manager Kocher, who told him (Defendant Bremar), "I think all he wants you to do is to check his blood pressure."

12. The Plaintiff was in cell 106, in C-1 Unit, at FCI Gilmer as to paragraph 11. See Exhibits 1p3 and SE36

13. Health Services was deliberately indifferent to the Plaintiff because, other than 2-20-2018, no other sick call was provided during that lockdown.        See Exhibit 3p2 and SE36

14A

CLAIM 1: (cont'd...)                                      Attachment A

14. Defendants Adderson, Weaver, Wilson, Saad, Kirby, nPloud were all deliberately indifferent to the Plaintiff's serious medical needs when THEY failed to follow up after the Plaintiff took the regimen of Zantac, as he was instructed, in April 2018 (Lot No.: 7E37523 - 24 tablets). See Exhibits 3p2, SE6, and SE17

15. As to paragraph 14., the Plaintiff had a CT Scan, on 9-18-2018, but he continued to report pain in his kidney, stomach, and abdominal areas.

16. As to paragraph 15., the CT Scan revealed a 4.3 cm (1.6 inches) diameter cyst in the lower pole of the Plaintiff's left kidney, BPH (benign prostatic hypertrophy), with the former stated as "appearing benign in nature."

17. Defendants Anderson, Kirby, and Wilson have been deliberately indifferent to the Plaintiff's kidney pain, and have also refused to confirm the kidney cyst is benign (actually benign), to refer the Plaintiff to a urologist or nephrologist, or treat the Plaintiff's BPH. See Exhibits SE13, SE14, SE19p3, SE24, SE25

18. As to paragraph 17., the Plaintiff has experienced pain in his left kidney area, after urination, since June 2019, and, despite bacteria found in the Plaintiff's urine during his heart attack in April 2020, no follow-up was conducted to determine if there is a urinary tract infection or the cause of the pain, after urination, in the Plaintiff's left kidney. See Exhibits SE27p2, SE28

19. Defendants Bremar and Hall were deliberately indifferent to the Plaintiff when they purposefully waited until 1925, on 12-21-2018, to see the Plaintiff for his ongoing complaints of stomach pain, with the knowledge that 1) he had been complaining about this pain for about ten months, and 2) that the institution was going to call a move back to the units in five (5) minutes and they would NOT be able to see the Plaintiff because he HAD to leave.                    See Exhibit SE15

14B

CLAIM 1: (cont'd...)                                    Attachment A

20. The Plaintiff is a chronic care inmate with a history of high blood pressure, TIA's (transient ischemic attacks), and an episode of syncope (momentary loss of consciousness), in September 2016, at FCI Butner II.

21. As to paragraph 20., Defendants Saad, Hudgins, R. Thompson, Houchin, Bremar, Plaud, Kirby, Hall, Grove, Weaver, Dunbar, Harmon, and Connors all have direct access to this information and failed to take it into account in their assessments.

22. Defendants Hudgins, Thompson, Dunbar, Kirby, Wilson, Anderson, and Connors are all aware of the cyst (4.3cm (1.6 inches)) in the Plaintiff's left kidney, but have refused to address his complaints of daily pain since the CT Scan in September 2018. See Exhibits 20, SE14

23. As to paragraph 19., Defendants Bremar and Hall failed to take the Plaintiff's vitals. See Exhibit SE15

24. Defendant Wilson was deliberately indifferent to the Plaintiff's serious medical needs when she, on multiple occasions since 2018, has acted as a "gatekeeper" and has prevented the Plaintiff from getting the adequate medical care/access to adequate medical care (specialists (e.g. urologist, nephrologist, etc.)) that he needed/needs. See Exhibits SE2, SE26, SE28

25. As to paragraph 24., she would tell the Plaintiff to stop sending emails, which are actually approved (by the FBOP), electronic "Requests to Staff", as opposed to paper "Requests to Staff", but serve the same purpose and happen to be in an email format. See Exhibit SE14 pg 2      14C

CLAIM 1: (cont'd...)                                    Attachment A

26. As to paragraph 25., the Plaintiff's Medical Rights state the following: "2. Right - You have the right to address any concern regarding your health care to any member of the institution staff including the physician, the Health Services Administrator, members of your Unit Team, the Associate Warden and the Warden.

27. As to paragraphs 25. and 26., it further states, "Responsibility - You have the responsibility to address your concerns in the accepted format, such as the Inmate Request to Staff Member form, main line, or the accepted Inmate Grievance Procedures.

28. As to paragraphs 25. through 27., Defendant Wilson would deny the Plaintiff's "Requests to Staff" by stating, multiple times, "We can no longer assist you from this inbox" or tell the Plaintiff to file an Administrative Remedy. See Exhibit SE26

29. As to paragraph 28., the Plaintiff has already filed THREE (3) grievances (936342, 986154, and 992661). See Exhibits 1-20

30. As to paragraph 25., Defendant Wilson, on April 16, 2020, responded to an electronic "Request to Staff" from the Plaintiff by asking him to submit a paper copout ("Request to Staff"), which can be thrown away or "lost" in transit, if he had an ACUTE issue. See Exhibit SE26, SE23

31. As to paragraph 30., there is no difference, other than the electronic format, between the "Requests to Staff" (paper and electronic) - they BOTH require responses from staff.

32. As to paragraph 30., the Plaintiff had a HEART ATTACK the next day; a little more than eighteen hours later. See Exhibits SE27 and SE28

33. Defendant Weaver was the Health Services Administrator at FCI Gilmer Health Services in 2018 and refused to follow up with the Plaintiff after he purchased and took the Zantac (generic), as directed by Defendant Hovchin, in April 2018. See Exhibits SE4₂ 2 SE6, SE17

14 D

CLAIM 1: (cont'd...)                                    Attachment A

34. As to paragraph 33., no follow-up (e.g. regimen of medication or consultation) was done until July 2019 and September 2019 (prescription for Sucralfate and GI specialist consultation at Charleston Gastroenterology Clinic, respectively) until AFTER the Plaintiff filed grievance number 906154. See Exhibit 7

35. As to paragraph 34., the Sucralfate 1g made the Plaintiff's stomach hurt worse. See Exhibit 11 p2

36. As to paragraph 34., the Plaintiff was subjected to an ongoing delay, which continues as of 9-29-2020, when Defendants Tanner and Hudnall refused to follow the GI specialist's instructions and take the Plaintiff to get his blood drawn to determine the cause of his stomach/abdominal pain (e.g. antibody (immunoglobulin – IgA, IgD, etc.) for IBS (Irritable Bowel Syndrome), IBD (Inflammatory Bowel Disease), or Crohn's Disease, to name a few.), See Exhibit SE32p3

37. Defendants Tanner and Hudnall were deliberately indifferent to his serious medical needs when they deprived the Plaintiff of the opportunity to learn about the status of his immune system and other important parameters concerning his health, specifically the condition of his digestive system. See Exhibit SE32p3

38. Defendants Anderson, Wilson, and Brenan were deliberately to the Plaintiff when they refused to prescribe Bentyl, which was prescribed by the GI specialist in September 2019, despite his taking the fiber pills as recommended by her. See Exhibits SE26, SE22

39. As to paragraph 38., the Plaintiff experienced increased stomach/abdominal pain and severe chest pains in October 2019. See EKG dated 10-21-2019 (Exhibit SE18), SE19, SE20, SE21, SE26

40. As to paragraph 39., the EKG interpretation stated that the Plaintiff had bradycardia (abnormally slow heart beat) and right bundle branch block.                14E

CLAIM 1: (cont'd...)                                    Attachment A

41. As to paragraph 40., right bundle branch block is a condition that makes it harder for the heart to pump blood efficiently through the circulatory system. See Exhibits SE19, SE20, SE26, SE27p1, 11p2

42. The Plaintiff has made Defendants Anderson, Weaver, Wilson, Moore, Hudgins, Valdivieso, Williams, Bremar, and Connors aware of his cyanosis (bluish discoloration of the skin on his hands and feet due to a lack of properly oxygenated blood). See Exhibits SE19, SE20, SE24, SE25, SE32p2, SE32p3, SE34, SE39, 17p2

43. As to paragraph 42., Defendants Anderson and Valdivieso were made aware of the Plaintiff's cyanosis when he reported to Health Services, on July 31, 2020 for chest pains, where he showed both of them that his hands were bluish in color before returning to the housing unit (C-3 at FCI Gilmer). See Exhibits SE32p2, SE39(#5), and SE41(#7)

44. Defendant McAdams and John Doe (Current Administrative Remedy Coordinator/Clerk-person responsible for entering initial subject code for grievances 936342, 986154, and 992661) were deliberately indifferent to the Plaintiff's serious medical needs by inputting the incorrect subject code in SENTRY ("Other Medical Matters") and thereby downplaying the seriousness of the Plaintiff's situation. See Exhibits 1p3, 12, 14, 19p2, and SE29

45. Defendants Hudgins, Thompson, Dodril, and Clem were all deliberately indifferent to the Plaintiff's serious medical needs when they refused, on March 31, 2020, the day the institution went on full lockdown for COVID-19, to give the Plaintiff two to three seconds of their time so he could show them his hands, which were blue (cyanotic) at that time.

46. As to paragraph 45., Defendant Dodril told the Plaintiff to "give them some space", Defendant Hudgins, as the senior person, refused to acknowledge the Plaintiff, Defendant Thompson smirked and laughed with the other Defendants, and Defendant Clem told the Plaintiff to "go on into the     14F   chow hall and see the Warden when you come out."

CLAIM 1: (cont'd...)                                Attachment A

47. Defendants Hudgins, Connors, Hovchin, Wilson, Anderson, Bremar, Harmon, Williams, and Weaver were deliberately indifferent to the Plaintiff's dietary needs when they were made aware of and made references to this (special medical diet) yet none of them either 1) took their own initiative to provide the Plaintiff with a special diet or 2) followed up with the GI specialist's recommendations and provide the Plaintiff with a special diet. See Exhibits 6p1, 1o, 14, SE7, SE8, SE9

48. As to paragraph 47., the Defendants were deliberately indifferent to the Plaintiff's dietary needs when they failed to take into account the incompatibility of the food on the FBOP National Menu with the Plaintiff's stomach condition (e.g. spicy, greasy, high-sodium foods, and the purchase of substandard food by the FBOP (USDoJ IG Report-March 2020)). See Exhibits SE7, SE8, SE9, SE36(#1), SE38(#1,#2), SE40(#2)

49. Defendants Anderson, Wilson, Weaver, Bremar, Hovchin, Moore, and Valdiviese have been deliberately indifferent to the pain of the Plaintiff, when they failed/refused to order an ultrasound or CT Scan to determine if the Plaintiff's cyst has grown in size, and continue to allow him to suffer in pain.

50. Defendants Anderson, Wilson, and Valdiviese checked the blood pressure of multiple inmates on C-3 unit from May 4, 2020 to July 24, 2020, but these Defendants were deliberately indifferent to the Plaintiff, when they refused to check his blood pressure or perform a follow-up EKG or blood test after his return from the hospital (WVU United Hospital Center), on April 19, 2020, after his heart attack on 4-17-2020. See Exhibit SE41(#8)

51. Defendants Hudgins, Thompson, Anderson, Wilson, and Clem refused to notify the Plaintiff's family that he had a heart attack.

52. Defendant Clem was deliberately indifferent to the Plaintiff's serious medical needs when he refused to authorize the purchase of additional stamps for his legal mail    14G (Grievance 992661-R1). See Exhibit 17p 2

CLAIM 2: (cont'd...)                    Attachment A

55. Defendants Anderson and Wilson subjected the Plaintiff to cruel and unusual punishment when they refused to send him to a specialist (e.g. urologist, nephrologist, etc.) to determine why he continues to have pain in that area (left kidney area). See Exhibits 7 p 2, 15 p 2, and SE32 p 3, SE16

56. As to paragraph 55., the Plaintiff has a large cyst (4.3cm (1.6 inches) in diameter) in the lower pole of his left kidney, which may have grown in size since September 2018 and NO pain management or follow-up CT Scan or ultrasound (renal) has been conducted.

57. Defendants Hudgins, Connors, Anderson, Wilson, Bremar, Houchin, Moore, Williams, and Weaver subjected the Plaintiff to cruel and unusual punishment, by directing him to eat a bland diet, but failing to approve a special diet, through Food Service, to allow him to comply. See Exhibits SE7, SE8, and SE9, 10

58. As to paragraph 57., Defendant Bremar told the Plaintiff to "pick the onions and peppers out [of the food]", when the Plaintiff told him about the "Pepper Steak" on the FBOP National Menu. See Exhibit 17 p 2

59. Defendants Wilson, Anderson, Bremar, Valdivieso, and Moore subjected the Plaintiff to cruel and unusual punishment when they refused to provide follow-up care, after the Plaintiff had a heart attack, for three months. See Exhibit SE41 (#6)

60. Defendant Connors subjected the Plaintiff to cruel and unusual punishment when he delayed the response to Remedy ID Number 986154-A2 instead of expediting the response to that Appeal to possibly provide care that could have prevented the Plaintiff's heart attack on April 17, 2020. See Exhibits SE41 (#6), 14

14H

CLAIM 2: (contd...)                              Attachment A

61. The Plaintiff incorporates paragraphs 1. through 54. in this section as though they were fully stated herein.

62. Defendant Saad subjected the Plaintiff to cruel and unusual punishment by feeding the Plaintiff a daily diet of bologna, some of which was spoiled, without taking the Plaintiff's hypertension and past episodes of TIAS (transient ischemic attacks) and syncope into consideration.

63. Defendants Anderson and Wilson subjected (are subjecting the Plaintiff to cruel and unusual punishment because they are aware of the Plaintiff's cyanosis (bluish discoloration of the skin due to a lack of proper oxygenation of the blood) and the pain the Plaintiff experiences after urination (since June 2019), yet they refuse to treat him. See Exhibits SE24, SE25p1, SE26, and SE27p1 and p2

64. As to paragraph 63., Defendants Wilson, Moore, Anderson, Houchin, Bremar, and Valdivieso are all aware of the Plaintiff's cyanosis and pain after urination.

65. Defendant Bremar refused to return the Plaintiff's property (ID, ink pen, rosary, orange knit cap, coat, afro comb, and 3X Khaki shirt) upon his return, even after asking several times, subjecting the Plaintiff to cruel and unusual punishment after his heart attack. ▪▪▪▪▪▪▪▪

66. Defendant Hudgins and Thompson subjected the Plaintiff to cruel and unusual punishment by refusing to allow him to call or email his family, during quarantine after the heart attack, in April and May 2020.

CLAIM 3:

67. The Plaintiff incorporates paragraphs 1. through 66. as though they were fully stated herein.

14I

CLAIM 3: (contd...)                    Attachment A

69. Defendants McAdams and John Doe (current FCI Gilmer
Administrative Remedy Coordinator/Clerk) conspired to interfere
with the Plaintiff's access to medical care by consistently changing
the subject code, in SENTRY, to a lower priority and inaccurate
code. See Exhibits 1p3, 12, 14, 19p2, and SE29

70. Defendant Clem conspired to interfere with the Plaintiff's
access to medical care and to the courts when he refused
to approve the purchase of additional stamps to send out his
Regional Remedy Appeal (992661-R1) in December 2019. See
Exhibit 17p2 (at bottom right of page)

71. Defendant Clem conspired to interfere with the Plaintiff's access
to the courts when he gave the Plaintiff his grievances without
the envelope so he could not see when the grievances were sent out/
postmarked or held on to them to hold up the Plaintiff. See
Exhibits 6p2, 12, 13, and 14

72. As to paragraph 71., Defendant Clem has refused to provide the
Plaintiff with status information on the grievance in Exhibits
13 and 14, which had a response due three (3) days before the Plaintiff
had his heart attack. See Exhibits SE29, SE30, and SE31

73. Defendants Williams and Connors conspired to interfere with the
Plaintiff's access to medical care and to the courts when they,
respectively, split the Plaintiff's grievance (992661-R1) and assigned
it a new Remedy ID Number (1002171-R1) and physically split the
BP-10 (992661-R1) and BP-11 (992661-A1) Forms into two (2)
two-part forms and changed the Remedy ID Number to 1002171-
A1. See Exhibits 17-20 and SE27p1, SE5

74. Defendants Anderson, Wilson, Valdivieso, Houchin, Brenan, Plaud,
Grove, and Weaver conspired to interfere with the Plaintiff's
access to medical care by denying him adequate treatment and
falsifying information            14J  See Exhibits SE3, SE11,
SE12, SE15, SE17, SE7,              SE32p2, SE39(#5), and SE41 (#7)

CLAIM 3: (contd...)                                    Attachment A

75. Defendant Clea conspired to interfere with the Plaintiff's access to medical care when he, recently and currently, for the past two months has interfered with the Plaintiff's access to his lawyer(s) to apply/petition for compassionate release due to the FBOP's (the Defendants') failure to provide adequate medical care. See SE35

CLAIM 4: (contd...)

77. Defendant Weaver falsely stated that the Plaintiff did not purchase the generic Zantac in 2018 and that the Plaintiff's issue was weight gain as opposed to answering the Plaintiff's question about his weight LOSS of THIRTY (30) pounds. See Exhibit SE17, and SE37

78. Defendants Anderson, Wilson, Houchin, Bremar, and Valdiviesa, on multiple occasions, have falsely stated that they did or performed some counseling for/to the Plaintiff. See Exhibits SE33, SE20, SE7, and SE32p2, SE26

79. As to paragraph 78., Defendant Bremar claimed he educated me on cyanosis, but it was Defendant Valdiviesa who gave the Plaintiff the ACTUAL information, from Healthline's website, on 4-16-2020.

80. As to paragraph 79., Defendant Bremar lacks the knowledge to detect cyanosis, because, if he did, he would know that the regular pulse oximetry device that detects oxygen saturation in your finger WILL NOT detect carboxyhemoglobin or methemoglobin, which takes away from the red blood cells ability to carry oxygen.

81. As to paragraph 78., NONE of the Defendants have printed out and shown the Plaintiff his "Plan of Care" and/or "Treatment Plan" they have documented him as receiving.

82. As to paragraph 78., Defendant Anderson falsely documented the visit on April 21, 2020 (A3-131- quarantine unit) and July 24, 2020 as Chronic Care Clinics, up and PA3 Callout,        14K    when they were hospital follow-respectively.

**Attachment A**

83. Defendant Plaud falsified the Plaintiff's medical records, in August 2018, when he stated that he was doing okay and that he had no problems. See Exhibit SE12

CLAIM 5: N/A

Supporting Facts: N/A

## VI.  INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured and the exact nature of your damages.

The Plaintiff has had severe stomach/abdominal/kidney pain since being fed bologna constantly during a lockdown in February 2018, the Defendants' subsequent prescription of Ibuprofen 200mg (increased to 800mg (Motrin), despite complaints about pain with 200mg) and long-term use of Omeprazole 20mg (40mg). The Plaintiff developed a 4.3cm (1.6") cyst in his left kidney and BPH (discovered Sept 2018), ongoing pain in left kidney area after urination (since June 2019), cyanosis (lack of properly oxygenated blood since August 2019) and a heart attack, due to a lack of follow-up, on 4-17-2020.

## VII.  RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

1. Order the Defendants to treat the Plaintiff's (adequate medical treatment) cyanosis, BPH, left kidney area pain (e.g. drain cyst), stomach and abdominal pain and provide for a medical diet to help with the latter.

2. Order Defendants Clem and Connors to return the grievance/response(s) to grievance 986154-A1 (Response was due 4-14-2020. Heart attack occurred on 4-17-2020).

3. Grant injunction to order Defendants to cease and desist with the interference with the Plaintiff's access to medical care and the courts.

4. Grant compensatory, punitive, and other relief the court deems just, proper, and equitable.

Attachment A

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate. Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at  FCI Gilmer, WV   PO BOX 6000   Glenville, WV   on   9-27-2020   .
            (Location)   26351-6000       (Date)

_____
Your Signature

Attachment E

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH RANDOLPH MAYS, pro se
_____

*Your full name*

v.                                                   Civil Action No.: _____

Jennifer Saad
Richard Hudgins
Eddie Anderson
Alicia Wilson

*Enter above the full name of defendant(s) in this action*

Continued on Page 7A

**Certificate of Service**

   I, JOSEPH RANDOLPH MAYS   (your name here), appearing *pro se*, hereby certify

that I have served the foregoing  *FEDERAL CIVIL RIGHTS COMPLAINT*  (title of

document being sent) upon the defendant(s) by depositing true copies of the same in the

United States mail, postage prepaid, upon the following counsel of record for the

defendant(s) on 9-21-2020  10-7-2020  (insert date here):

\* I, respectfully, ask the Clerk of Court to electronically file a copy with:

   (List name and address of counsel for defendant(s))

   US Attorney's Office
   Po Box 591
   1125 Chapline Street
   Suite 3000
   Wheeling, WV 26003

                              (sign your name)