Attachment A
1-31-2022

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

FILED

MAR 0 1 2022

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

JOSEPH RANDOLPH MAYS

_____

*Your full name*

v.

JENNIFER SAAD

RICHARD HUDGINS

R. THOMPSON

MR. McADAMS

*Enter above the full name of defendant(s) in this action*
Continued on Page 7A

**FEDERAL CIVIL RIGHTS
COMPLAINT
(*BIVENS* ACTION)**

Civil Action No.: _____3:20cv199_____
*(To be assigned by the Clerk of Court)*

### I.    JURISDICTION

This is a civil action brought pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)**.  The Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 2201.

### II.   PARTIES

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.*

A.    Name of Plaintiff: JOSEPH RANDOLPH MAYS   Inmate No.: 43487-007
Address: United States Penitentiary Lompoc
3901 Klein Blvd  Lompoc, CA 93436

*In Item B below, place the full name of each defendant, his or her official position, place of employment, and address in the space provided.*

Attachment A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Defendant Name(s)(cont'd from Page 7)

| First Name, Last Name | Title |
|---|---|
| H. Williams | ① Regional Administrative Remedy Coordinator |
| Angela Dunbar | Regional Director – Mid-Atlantic Region |
| R. Clem | Unit Manager (C-Unit), FCI Gilmer |
| Officer Tanner | Correctional Officer, FCI Gilmer |
| Officer Hudnall | Correctional Officer, FCI Gilmer |
| Ian Connors | ② Inmate Appeals Administrator |
| John Doe | ③ Administrative Remedy Coordinator |
| John/Jane Does | As they become available |
| E. Dodril | Unit Manager (A-Unit), FCI Gilmer |

① Mid-Atlantic Regional Office (FBOP)

② Central Office (FBOP)

③ FCI Gilmer, WV - for Administrative remedies #: 986154 and
   992661

7A

Attachment A
1-31-2022
2-3-2022

B.    Name of Defendant: Jennifer Saad
Position: Warden
Place of Employment: FCI Gilmer, WV (Retired)
Address: 201 FCI Lane    * Last known address
Glenville, WV 26351

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?    ☑ Yes      ☐ No

If your answer is "YES," briefly explain: She was the Warden/CEO (Chief
Executive Officer) of a Federal Correctional Institution and she has multiple
duties of care to the Plaintiff under federal law, including the provision
for his safekeeping and care and the Administrative Remedy Program.

B.1   Name of Defendant: Richard Hudgins
Position: Warden
Place of Employment: FCI Gilmer, WV (Transferred)
Address: 201 FCI Lane    * Last known address
Glenville, WV 26351

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?    ☑ Yes      ☐ No

If your answer is "YES," briefly explain: He was the Warden/CEO (Chief
Executive Officer) of a Federal Correctional Institution and he has multiple
duties of care to the Plaintiff under federal law, including the provision
for his safekeeping and care and the Administrative Remedy Program.

B.2   Name of Defendant: R,        Thompson
Position: Associate Warden/Acting Warden
Place of Employment: FCI Gilmer, WV (Transferred)
Address: 201 FCI Lane    * Last known address
Glenville, WV 26351
Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?    ☑ Yes      ☐ No

Attachment A
1-31-2022
2-3-2022

If your answer is "YES," briefly explain: She was acting under authority/ color of federal law because she was acting/working in the capacity of the Warden (Richard Hudgins) who was the CEO of a Federal Correctional Institution and she has multiple duties of care to the Plaintiff under federal law, including the provision for his safekeeping and care and the Administrative Remedy Program.

B.3    Name of Defendant: Mrs.        McAdams
Position: Administrative Remedy Coordinator
Place of Employment: FCI Gilmer, WV (Transferred or Retired)
Address: 201 FCI Lane
         Glenville, WV 26351

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☑ Yes        ☐ No

If your answer is "YES," briefly explain: He was acting under authority/ color of federal law because he works under the supervision of the Warden (CEO of Federal Correctional Institution and has multiple duties of care to the Plaintiff under federal law, including the provision for his safekeeping and care and the Administrative Remedy Program

B.4    Name of Defendant: H.        Williams
Position: Administrative Remedy Coordinator - Regional Office
Place of Employment: Mid-Atlantic Regional Office - FBoP
Address: 302 Sentinel Drive Suite 200
         Annapolis Junction, MD 20701

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☑ Yes        ☐ No

If your answer is "YES," briefly explain: They are the Administrative Remedy Coordinator for the Mid-Atlantic Regional Office of the Federal Bureau of Prisons and have multiple duties of care to the Plaintiff under federal law, including the provision for his safekeeping and care and the Administrative Remedy Program.

Attachment A
1-31-2022
2-7-2022

B.5  Name of Defendant: _Angela Dunbar_
Position: _Regional Director - Mid-Atlantic Regional Office-FBOP_
Place of Employment: _Mid-Atlantic Regional Office (Transferred or Retired)_
Address: _302 Sentinel Drive Suite 200 ＊ Last known address_
_Annapolis Junction, MD 20701_

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?    ☑ Yes         ☐ No

If your answer is "YES," briefly explain: _Because she was the Regional_
_Director for the Mid-Atlantic Regional Office of the FBOP and has multiple_
_duties of care to the Plaintiff under federal law, including the provision_
_for his safekeeping and care and the Administrative Remedy Program._

continued on Pages 10A - 10

## III.  PLACE OF PRESENT CONFINEMENT

Name of Prison/ Institution: _United States Penitentiary Lompoc, CA_

A.  Is this where the events concerning your complaint took place?
☑ Yes      ☑ No

If you answered "NO," where did the events occur?
_Federal Correctional Institution - Gilmer_

B.  Is there a prisoner grievance procedure in the institution
where the events occurred?    ☑ Yes      ☐ No

C.  Did you file a grievance concerning the facts relating to this complaint in the
prisoner grievance procedure?
☑ Yes      ☐ No

D.  If your answer is "NO," explain why not: _N/A_

E.  If your answer is "YES," identify the administrative grievance procedure
number(s) in which the claims raised in this complaint were addressed

Attachment A

9-21-2021
2-3-2022

B.6 Name of Defendant: R.        Clem

Position: Unit Manager (C-Unit)

Place of Employment: FCI Gilmer, WV

Address: 201 FCI Lane  Glenville, WV 26351

Was this Defendant acting under the authority or color of federal or state law at the time these claims occurred?  ☑ Yes  ☐ No

If your answer is "YES" briefly explain: Because he works as the Unit Manager (C-Unit), under the supervision of the Warden (CEO) and has multiple duties of care to the Plaintiff under federal laws, including the provision for his safekeeping and care and the Administrative Remedy Program.

B.7 Name of Defendant: Officer Tanner

Position: Correctional Officer

Place of Employment: FCI Gilmer, WV

Address: 201 FCI Lane Glenville, WV 26351

Was this Defendant acting under the authority or color of federal or state law at the time these claims occurred? ☑ Yes  ☐ No

If your answer is "YES" briefly explain: Because he works under the supervision of the Warden (CEO of Federal Correctional Institution) and has multiple duties of care to the Plaintiff under federal law, including the provision for his safekeeping and care

B.8 Name of Defendant: Officer Hudnoll

Position: Correctional Officer

Place of Employment: FCI Gilmer, WV

Address: 201 FCI Lane Glenville, WV 26351

Was this Defendant acting under the authority or color of federal or state law at the time these claims occurred? ☑ Yes ☐ No

10A

Attachment A

9-21-2021
2-2-2022

**B.8**  Officer Hudnall (cont'd...)

If your answer is "YES" briefly explain: Because he works under the supervision of the Warden (CEO of Federal Correctional Institution) and has multiple duties of care to the Plaintiff under federal law, including the provision for his safekeeping and care.

**B.9**  Name of Defendant: Ian Connors

Position: Inmate Appeals Administrator

Place of Employment: Central Office FBOP

Address: 320 First Street NW Washington, DC 20534

Was this Defendant acting under the authority or color of federal or state law at the time these claims occurred? ☑Yes ☐No

If your answer is "YES" briefly explain: He was/is the National Inmate Appeals Administrator for the Central Office of the FBOP and has multiple duties of care to the Plaintiff under federal law, including the provision for his safekeeping and care and the Administrative Remedy Program.

**B.10**  Name of Defendant: John Doe

Position: Administrative Remedy Coordinator

Place of Employment: FCI Gilmer, WV

Address: 201 FCI Lane Glenville, WV 26351

Was this Defendant acting under the authority or color of federal or state law at the time these claims occurred? ☑Yes ☐No

If your answer is "YES" briefly explain: He was acting under authority/color of federal law because he works under the supervision of the Warden (CEO of Federal Correctional Institution) and has multiple duties of care to the Plaintiff under federal law, including the provision for his safekeeping and care and the Administrative Remedy Program.          10 B

Attachment A

9-21-2021
2-3-2021

B.11  Name of Defendant: John/Jane Does

Position: As they become known

Place of Employment: As they become known

Address: As they become known

Was this Defendant acting under the authority or color of federal or state law at the time these claims occurred? ☑Yes ☐No

If your answer is "YES" briefly explain: As they become known


B.12  Name of Defendant: E.    Dodril

Position: Unit Manager (A-Unit)

Place of Employment: FCI Gilmer, WV

Address: 201 FCI Lane Glenville, WV 26351

Was this Defendant acting under the authority or color of federal or state law at the time these claims occurred? ☑Yes ☐No

If your answer is "YES" briefly explain: Because he works as the Unit Manager (A-Unit FCI Gilmer) under the supervision of the Warden (CEO of Federal Correctional Institution) and has multiple duties of care to the Plaintiff under federal law, including the provision for his safekeeping and care and the Administrative Remedy Program.

10 C

Attachment A
1-31-2022

and state the result at level one, level two, and level three. **ATTACH GRIEVANCES AND RESPONSES:** Proof of exhaustion was submitted (★) 10-23-2020 (Case No.: 3:20-cv-00199-GMG-RWT) Docket Item #1 ¶cm

LEVEL 1 936342-F1, 986154-F1, 992661-F1

LEVEL 2 936342-R1, 986154-R1, 992661-R1 +

LEVEL 3 936342-A1, 986154-A1, 992661-A1 +

★986154-A2 (Central Office failed to respond)
+Interference with exhaustion by Central/Regional Offices

## IV.    PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?        ☐ Yes        ☑ No

B.    If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on  a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1.    Parties to this previous lawsuit:

Plaintiff(s): N/A

Defendant(s): N/A

2.    Court: N/A
     *(If federal court, name the district; if state court, name the county)*

3.    Case Number: N/A

4.    Basic Claim Made/Issues Raised: N/A

5.    Name of Judge(s) to whom case was assigned: N/A

6.    Disposition: N/A
     *(For example, was the case dismissed?  Appealed?  Pending?)*

7.    Approximate date of filing  lawsuit: N/A

(★) Plaintiff DOES NOT have money to recopy and reattach there documents. JPA

**Attachment A**
1 - 31 - 2022

8.   Approximate date of disposition. Attach Copies:_____N/A_____

C.   Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?
☐ Yes      ☐ No    N/A

D.   If your answer is "YES," briefly describe how relief was sought and the result.  If your answer is "NO," explain why administrative relief was not sought.
_____N/A_____

_____

_____

_____

E.   Did you exhaust available administrative remedies?
☐ Yes      ☐ No    N/A

F.   If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion.  If your answer is "NO," briefly explain why administrative remedies were not exhausted.
N/A_____

_____

_____

_____

_____

G.   If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  Describe each civil action or appeal.  If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

1.   Parties to previous lawsuit: Warden Smith, et al.
Plaintiff was retaliated against for filing a legitimate grievance and was prevented from exhausting his remedies. This case is on appeal for the latter.

Attachment A

*1-21-2022*
*2-12-2022*

Plaintiff(s): _Joseph Randolph Mays_

Defendant(s): _Warden Smith, T.B., et al._

2.    Name and location of court and case number:

_US District Court for the Eastern District of North Carolina_
_PO Box 25670_
_Raleigh, NC 27611_

3.    Grounds for dismissal:    ☐ frivolous    ☐ malicious
+ ☑ failure to state a claim upon which relief may be granted
+ See 1,

4.    Approximate date of filing lawsuit: _7-23-2018_

5.    ✱ Approximate date of disposition: _9-30-2020_

✱ Case on appeal - 4th Circuit Court of Appeals (20-7540) Oct 2020
Continued on Page 13A

V.    STATEMENT OF CLAIM

State here, as **BRIEFLY** as possible, the _facts_ of your case.  Describe what _each_ defendant did to violate your constitutional rights.  **You must include allegations of specific wrongful conduct as to EACH and EVERY defendant in the complaint.** Include also the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph. **UNRELATED CLAIMS MUST BE RAISED IN SEPARATE COMPLAINTS WITH ADDITIONAL FILING FEES.  NO MORE THAN FIVE (5) TYPED OR TEN (10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)**

CLAIM 1: _Deliberate Indifference to the Plaintiff's Serious Medical Needs in Violation of the Eighth Amendment to the Constitution._

Supporting Facts: _1. Prison staff members have a duty of care to_

Attachment A
2-8-2020

## G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS
(continued from Page 13)

1. Parties to previous lawsuit: Richard Hudgins, Warden, et al.
   Plaintiff contested the safety and quality of the water at
   FCI Gilmer, in Glenville, West Virginia

   Plaintiff (s): Joseph Randolph Mays, pro se
   Defendant (s): Richard Hudgins, Warden, et al.

2. Name and location of court and case number:
   US District Court for the Northern District of West Virginia
   217 West King Street
   Martinsburg, WV                3:20-cv-181

3. Grounds for dismissal: Failure to state a claim upon which
   relief may be granted (Dismissed without prejudice)

4. Approximate date of filing lawsuit: September 22, 2020

5. Approximate date of disposition: August 13, 2021

13A

CLAIM 1

Attachment A
2-13-2022

2. The Plaintiff is a chronic care inmate with a history of high blood pressure, TIAs (transient ischemic attacks), an episode of syncope (momentary loss of consciousness) in September 2016 at FCI Butner II, a 4.3 cm (1.6 inches) diameter cyst <u>in</u> the lower pole of his left kidney, and a heart attack in April 2020.

3. The Plaintiff began complaining about <u>severe</u> stomach/abdominal and kidney pain in February 2018 after being fed bologna meals during the lockdown at that time.

4. Defendant McAdams, in April 2018, was deliberately indifferent to the Plaintiff's serious medical needs when he, despite information in the grievance detailing the pain the Plaintiff was suffering from and the clearly labeled subject at the top of the grievance, falsified the subject code.

5. As to 4., the subject code that Defendant McAdams entered <u>DID NOT</u> accurately reflect the seriousness of the Plaintiff's condition or give consideration for the Plaintiff's medical history.

6. As to 2., Defendant Saad was deliberately indifferent to the Plaintiff's serious medical needs when she, as the CEO of a Federal Correctional Institution, failed to investigate why PA Wilson and EMTs Jon Bremar and Jessica Houchin refused to check the Plaintiff's blood pressure in February 2018.

7. Defendants Saad, Hudgins, Dunbar, and Connor were deliberately indifferent to the Plaintiff when they failed to request that PA Wilson and/or Dr. Anderson (Clinical Director) order tests as soon as possible to confirm/support EMT Houchin's assessment of ulcers for the Plaintiff.

8. As to 7., the Plaintiff received confirmation that he had [<u>MULTIPLE</u> pyloric] <u>ulcers</u> at St. Joseph's Hospital, in Buckhannon, West Virginia, on January 29, 2021 - nearly <u>THREE YEARS</u> later.

13A1

CLAIM 1

9. Defendants Saad, Hudgins, and Thompson were deliberately indifferent to the Plaintiff's serious medical needs because they, as the CEO (Defendant Thompson acted in this capacity) of FCI Gilmer, WV, failed to direct Health Services to determine the cause of the decrease in the Plaintiff's white blood cell (WBC) count on 6-29-2018, 10-22-2020, and other lab tests between this time period.

10. As to 9., white blood cells are a key part of the body's immune system and a significant reduction in their quantity can detrimentally affect the Plaintiff's health and, if low enough, lead to death.

11. Defendants Dunbar, Connors, and Hudgins were deliberately indifferent to the Plaintiff's serious medical needs when they failed to request and/or order that a medical diet be prescribed to the Plaintiff to accommodate the instructions given by Health Services, the FBOP (Dunbar, Connors, Hudgins), and the GI specialist's recommendations on September 17, 2019.

12. As to 11., the Plaintiff cannot provide for his own food and MUST rely on prison officials who have a duty of care to authorize Food Service to prepare the medical meal/diet for the Plaintiff to alleviate his symptoms and to allow him to comply with portion control (e.g. snack bags).

13. As to 12., these officials have access to the FBOP's menus and the Plaintiff's ID card "swipe" history to see how many times he has eaten and what the contents of the meals that were served at FCI Gilmer, WV.

14. Defendants Tanner and Hudnall were deliberately indifferent to the Plaintiff's serious medical needs when they failed to follow the GI specialist's instructions to take the Plaintiff to the lab to have blood drawn to perform diagnostic tests to allow her to follow through with a definitive diagnosis and treatment recommendation.

15. As to 14., Defendants Tanner and Hudnall DID NOT have discretion to interfere with the Plaintiff's medical treatments and/or diagnostic testing and denied him the opportunity to obtain and learn about information

CLAIM 1

15. (contid...) necessary to make a definitive diagnosis and a subsequent treatment plan.

16. As to 15., Defendants Tanner and Hudnall <u>are</u> <u>not</u> trained medical professionals and <u>may</u> <u>not</u> interfere with the Plaintiff's medical treatment.

17. Defendants Hudgins and Thompson were deliberately indifferent to the Plaintiff's serious medical needs - his ongoing left kidney pain - when they refused to consult with Health Services to consider ordering a renal ultrasound or a subsequent CT Scan to determine if the Plaintiff's cyst has grown in size, was ~~actually~~ benign, and/or if the cyst has caused internal damage to his kidney due to the size and growth of the cyst.

18. As to 17., the initial CT Scan was performed on September 18, 2018, and the officials above failed to consider the fact that the cyst was almost <u>TWO</u> <u>INCHES</u> in diameter (4.3cm/1.6 inches), which is slightly smaller than the Master(TM) Lock (diameter approximately 1.75 inches) on the Plaintiff's locker.

19. As to 18., the Plaintiff has submitted numerous unaddressed complaints of kidney pain since that time, including pain after urination that started in June 2019 through at least January 2020.

20. Defendants Saad, Thompson (Acting Warden), Hudgins, John Doe, Dunbar, and Connors were deliberately indifferent to the Plaintiff's serious medical needs when they failed to ensure that, as to 4., the Administrative Remedy Program was not operated in an arbitrary and capricious manner and that the SENTRY entries were accurately maintained by the Administrative Remedy Coordinator at the institution level for Remedy ID Numbers 936342, 986154, and 992661.

21. As to 20., Defendants Saad, Hudgins, R. Thompson, John Doe, Angela Dunbar, and Ian Connors were deliberately indifferent when they failed to ensure that the subject code(s) matched/match the subjects written on the BE-9s for Remedy ID Numbers 936342-F1, 986154-F1, and 992661-F1.

13C

CLAIM 1

22. Defendant Richard Hudgins was deliberately indifferent to the Plaintiff when he failed to consult with Health Services and demand that they prioritize and follow up on the Plaintiff's complaints of "blue hands" (cyanosis) and severe chest pains on multiple occasions from October 2019 to March 2020 and October 2019 to December 2019, respectively, and culminated with a heart attack in April 2020.

23. Defendant Ian Connors was deliberately indifferent to the Plaintiff's serious medical needs when he failed to respond within a reasonable amount of time and urgency and failed to heed the Plaintiff's pleas, in the BP-11, dated November 24, 2019, about chest pains, blue hands and feet (cyanosis), and right bundle branch block, which makes it harder for the heart to pump blood efficiently.

24. As to 23., Defendant Ian Connors extended the response to the BP-11 (Remedy ID Number 986154-A2 dated 11-24-2019 (resent as per Rejection Notice Certified Mail Receipt Number: 7019 0700 0000 5734 2     on or about 1-3-2020)) and received on February 14, 2020, to April 14, 2020 and further delayed access to medical care for the Plaintiff who suffered a heart attack on April 17, 2020 - THREE DAYS LATER.

25. As to 24., Defendants H. Williams and Ian Connors were deliberately indifferent to the Plaintiff's serious medical needs when they intentionally and maliciously split the Plaintiff's [one] grievance (Remedy ID Number 992661) into two separate grievances (Remedy ID Numbers 992661 and 1002171) and failed to hold H. Williams accountable, respectively, thereby denying the Plaintiff access to medical care, which resulted in a heart attack.

26. The Defendants DO NOT have discretion (a choice) to ignore obvious information (verbal, written, or physical) about a condition that a lay person would determine to be sufficiently serious to warrant a physician's attention (e.g. chest pains, blue hands, continuous pain, etc.).

27. Defendant R. Clem was deliberately indifferent to the Plaintiff's serious medical needs when he refused to authorize the purchase of stamps, by

13D

CLAIM 1

27. (cont'd...) the Plaintiff, to mail out his grievance (Remedy ID Number 992661-R1) thereby delaying/denying the Plaintiff access to medical care.

28. Defendants Richard Hudgins, R. Thompson, R. Clem, and E. Dodril, on March 31, 2020, were deliberately indifferent to the Plaintiff's serious medical needs when they refused to look at the Plaintiff's hands, which were blue in color, as he had requested, despite Defendant Hudgins direct knowledge of the Plaintiff's complaints as far back as November 2019.

29. As to 22. and 28., the Defendants, by their failure to respond to the Plaintiff's serious medical needs, caused the Plaintiff to suffer a heart attack, which HAS NOT been followed up on by a cardiologist to this day.

30. As to 29., the Defendants were deliberately indifferent to the Plaintiff's serious medical needs because the Plaintiff CANNOT take himself to the cardiologist and/or other medical professional because he MUST rely on prison staff to provide for his medical and dietary needs.

13E

provide for the safekeeping and care of the Plaintiff to include the provision of ADEQUATE medical care.

CLAIM 2: Infliction of Cruel and Unusual Punishment in Violation of the Eighth Amendment to the Constitution.

Supporting Facts: 32. Defendant McAdams and John Doe subjected the Plaintiff to cruel and unusual punishment when the Plaintiff was made to suffer in pain due to the falsified subject codes (other Medical Matters) for Remedy ID Numbers 936342, 986154, and 992661.

CLAIM 3: Conspiracy to Interfere with the Plaintiff's Right of Access to Medical Care Under the Eighth Amendment to the Constitution.

Supporting Facts: 43. Defendants McAdams, Thompson (Acting Warden), Hudgins, and John Doe conspired with others to prevent the Plaintiff from getting access to adequate medical care when they entered and approved of the [incorrect] subject code, respectively, thereby downplaying the seriousness of the Plaintiff's medical condition(s) and denying/delaying medical diagnosis and treatment of those conditions.

CLAIM 4: N/A

Supporting Facts: N/A

CLAIM 2

33. As to 11., Defendants Dunbar, Conners, and Hodgins subjected the Plaintiff to cruel and unusual punishment because they failed to act to prevent the pain that the Plaintiff suffered and continues to suffer from as a result of the current food selections exacerbating the Plaintiff's stomach and abdominal pain by irritating the ulcers and not allowing them to heal.

34. As to 14., Defendants Tanner and Hudnall subjected the Plaintiff to cruel and unusual punishment because their failure to take the Plaintiff to the lab on September 17, 2019, caused the Plaintiff to suffer in pain until October 2020, when the labs were obtained THIRTEEN MONTHS LATER, and beyond.

35. As to 34., Defendants Tanner and Hudnall were present with the Plaintiff when the GI specialist gave them instructions to go to the lab and were the confirming [prison official] source that the Plaintiff was not getting the support (diet) that he needed from the prison (FCI Gilmer, WV), and that he was in pain.

36. As to 35., the Plaintiff's Patient Information was given to Defendants Tanner and Hudnall to bring back to the institution.

37. Defendants Richard Hodgins, R. Thompson, R. Clem, and E. Dodril, on March 31, 2020, subjected the Plaintiff to cruel and unusual punishment when they refused to look at the Plaintiff's hands, which were blue in color, as he had requested despite Defendant Hodgins' direct knowledge of the Plaintiff's complaints, as far back as November 2019.

38. As to 22. and 37., the Defendants, by their failure to respond to the Plaintiff's serious medical needs, caused the Plaintiff to suffer a heart attack, which HAS NOT been followed up on by a cardiologist to this day.

39. As to 38., this cruel and unusual punishment is, thereby, continuing to this very day because the Plaintiff CANNOT take himself to the cardiologist and/or other medical profession because he MUST rely on prison staff to provide for his medical and dietary needs.

14A

CLAIM 2

40. As to 2., the Plaintiff had been diagnosed with mitral valve regurgitation and myocarditis.

41. As to 40., myocarditis is the inflammation of the inner wall of the heart muscle and mitral (heart) valve regurgitation is the [abnormal] backwards flow of blood into the upper chamber of the left side of the heart.

42. As to 40., the Plaintiff HAS NOT had any follow up on his heart attack, by a cardiologist, since April 29, 2020, which was the day the Plaintiff was discharged from WVU (West Virginia University) United Hospital Center.

CLAIM 3

44. As to 43., Defendant Saad was made aware of this issue via an electronic "Request to Staff" dated 4-15-2018 at 08:51:39PM, which was BEFORE her response to the Plaintiff's grievance (Remedy ID Number: 936242) on April 24, 2018.

45. Defendant R. Clem conspired with Defendants H. Williams and Ian Connors to delay or refuse to respond to the Plaintiff's grievance when he gave the Plaintiff his grievance without the envelope so he could not see when the grievances were sent out/postmarked.

46. As to 45., Defendant R. Clem conspired with Defendants H. Williams and Ian Connors to delay/deny his access to the grievance process at the Mid-Atlantic Regional Office level (Remedy ID Number: 992661-R1) and at the Central Office level (Remedy ID Number: 986154-A2), respectively.

47. As to 46., Defendant R. Clem and Ian Connors conspired to delay and refuse to respond to and return the Plaintiff's grievance (Remedy ID Number 986154-A2) at the Central Office level by refusing to provide status information on the grievances in Exhibits 13 and 14 or returning it to the Plaintiff.

48. Defendants Richard Hodgins, R. Thompson, R. Clem and E. Dodril, on March 31, 2020, conspired to deny the Plaintiff access to medical care when they refused to look at the Plaintiff's hands, which were blue in color, as he had requested

14B

CLAIM 3

Attachment A
2-17-2022

48. (cont'd) despite Defendants Hudgins" direct knowledge of the Plaintiff's complaints as far back as November 2019.

49. As to 48., Defendant E. Dodril ignored the Plaintiff and told him to "Give him some space", Defendant R. Thompson laughed/smirked about it and Defendant R. Clem, who **IS** **NOT** a medical professional, told the Plaintiff to go on into the dining hall and see Defendant Hudgins when he came back out.

50. As to 49., the Plaintiff NEVER got the chance because an incident occurred on the compound that required that the institution be secured and, shortly thereafter, the institution went on lockdown for CoVID-19 and <u>the Plaintiff had a heart attack seventeen (17) days later</u>.

51. Defendant Richard Hudgins, R. Thompson, R. Clem and others (in FTCA suit) conspired to deny notification to the Plaintiff's next of kin - his sister - <u>that he had a heart attack on April 17, 2020</u>.

52. As to 51., the officials had/have a duty of care to the Plaintiff to notify his family/next of kin of <u>his serious illness</u> - <u>heart attack</u> - <u>promptly</u>.

14C

**Attachment A**
2-15-2022

*N/A*

CLAIM 5: *N/A*

Supporting Facts: *N/A*

## VI.   INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured and the exact nature of your damages. The Plaintiff has suffered from severe stomach / abdominal and kidney pain since February 2016. The Plaintiff was told that he may have ulcers on March 26, 2018, but it wasn't confirmed until January 29, 2021 at St. Joseph's Hospital, in Buckhannon, WV, where they found MULTIPLE pyloric ulcers. No follow-up EGD has been done and the Plaintiff continues to suffer in pain. The Plaintiff suffered severe chest pains [and cyanosis] in 2019, after taking fiber pills as recommended by the GI specialist, which went unresolved, and resulted in a heart attack due to the failure of prison staff to send him to the hospital or cardiologist.

## VII.   RELIEF
✱ Also have ongoing kidney pain - possible cause large cyst (4.9cm/1.6")dia.

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

A. Declare that the acts and omissions therein violated Plaintiff's rights under the Constitution and laws of the United States;

B. Award actual damages in an amount to be established at trial;

C. Award nominal and punitive damages in an amount to be established at trial;

D. Order Defendants to pay reasonable attorney fees and costs;

E. Order Defendants to provide immediate medical treatment to the Plaintiff;

F. Grant a jury trial on all issues triable by jury; and

G. Grant declaratory and other just and equitable relief that this Honorable Court deems necessary, including criminal prosecution for willful violation of the Plaintiff's civil rights, and obstruction of justice.



USPS TRACKING #

9590 9402 6629 1028 0844 91

**United States
Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

PLACED IN MAIL TO SEND TO COURT ON 5-6-2021, FCI
GILMER MAILROOM SENT IT BACK TO ME (JOSEPH R. AKYI) ON 5-7-2021
SEE ATTACHED LETTER

5:20 CV 212    DOC 31

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, ~~or on the front if space~~

Joseph Randolph Mays #43487-007
GILMER
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6000
GLENVILLE, WV 26351

9590 9402 6629 1028 0844 91

2. Article Number (Transfer from service label)

7019 0700 0001 2265 1494

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____    ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
JOSEPH R. MAYS                    5-4-2021

Address different from item 1?  ☐ Yes
delivery address below:         ☐ No

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
  stricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**Attachment A**

2 - 16 - 2022

# DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at ___USP Lompoc, Lompoc, CA___ on ___2 - 16 - 2022___ .
                 (Location)                     (Date)

_____
Your Signature