IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JOSEPH RANDOLPH MAYS,**

    **Plaintiff,**

v.                                                **CIVIL ACTION NO. 3:20-CV-199**
                                                          **(GROH)**

**JENNIFER SAAD, RICHARD HUDGINS,
EDDIE ANDERSON, MS. ALICIA WILSON,
MS. R. THOMPSON, JESSICA HOUCHIN,
JON BREMAR, RIACRDO PLAUD,
DR. KIRBY, NURSE JOSHUA HALL,
MR. MCADAMS, REBECCA GROVE,
HSA MOORE, MICHAEL WEAVER,
H. WILLIAMS, ANGELA DUNBAR,
R. CLEM, OFFIER TANNER, IAN CONNORS,
JOHN DOE, JOHN/JANE DOES,
W. DODEILL, and JAZMINE VALDIVIESO,**

    **Defendants.**

## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on January 13, 2023. ECF No. 110. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court dismiss the Plaintiff's Complaint. The Plaintiff timely filed objections to the R&R on February 15, 2023. ECF No. 113.

### I. BACKGROUND

On October 13, 2020, Joseph Randolph Mays ("Plaintiff"), filed a complaint against twenty-five Defendants. ECF No. 1. An amended complaint was filed on March 1, 2022,

naming only thirteen Defendants. The Plaintiff generally alleges that his Eighth Amendment rights were violated when the Defendants were deliberately indifferent to Plaintiff's serious medical needs, inflicted cruel and unusual punishment upon him, and conspired to interfere with his right of access to medical care. See ECF No. 52.

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Plaintiff's claims. For ease of review, the Court incorporates those facts herein.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or

conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

However, the Fourth Circuit recently remanded a case, finding the District Court did not adequately review the magistrate judge's R&R. Specifically, our Circuit now holds that "when reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." Elijah v. Dunbar, 66 F.4th 454, 460–61 (4th Cir. 2023).

### III. DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Plaintiff has presented no new material facts or arguments in his objections to the magistrate judge's R&R.  The Court notes that the Plaintiff filed a 27-page response (with 84 pages of exhibits) in opposition to the Defendants' Motion to Dismiss. ECF No. 107. Although nothing new is presented, the Fourth Circuit's Elijah decision dictates a de novo review is required because the objections say more than "I object." Nonetheless, the Court finds that Magistrate Judge Trumble's R&R thoroughly and adequately addressed the relevant legal issues herein, and the Court adopts and incorporates that analysis.

Turning to the Plaintiff's 18 pages of handwritten objections, the first four and a half pages simply state an overview of the Plaintiff's case. Toward the bottom of page five, the Plaintiff claims he should be allowed to conduct discovery:

> (Public Health Service) employees. The Plaintiff should be allowed to conduct discovery under Fed. R. Civ. P. 56(d) to obtain the names of the relevant John/Jane Does AND to see who was responsible for withholding information that the Plaintiff attempted to obtain more than a year prior to filing the complaint, but was not able to do so until last year. It
>
> Page 5 of 18

ECF No. 113 at 5. The Plaintiff avers it would be a miscarriage of justice to grant summary judgment to the defendants. The Court finds that discovery is not necessary for the reasons more fully explained below.

In pages six through fifteen, the Plaintiff covers the factual and procedural history of the case. On page thirteen the Plaintiff states,

> The Plaintiff SHOULD NOT be dismissed because the Plaintiff IS entitled to relief for violation of his constitutional rights under the Eighth Amendment for Deliberate Indifference to his serious medical needs and the infliction of cruel and unusual punishment due to ONGOING pain and suffering due to the inactions of the Defendants. The Plaintiff ONLY concurs with dismissing Defendant Dunbar due to a lack of jurisdiction under the long-arm statute of West Virginia. But, Defendants Connors and Williams are under the Courts for personal jurisdiction because THEY directed their tortious conduct toward the forum instead of performing their mandated ministerial duties and assist not IGNORE the Plaintiff's SERIOUS medical needs

Id. at 15. Here, the Plaintiff notes that he conceded to dismissing Defendant Dunbar but believes Defendants Connors and Williams are within the Court's personal jurisdiction. However, Plaintiff has failed to assert any specific contact by Defendants from Maryland or the District of Columbia with the State of West Virginia, other than preparing documents which may have been read by the Plaintiff or federal officials in West Virginia.

The Maryland and District of Columbia Defendants are non-residents of West Virginia who have not personally engaged, or by authorized agents engaged, in any one or more of the acts specified in subdivisions (1) through (7) of subparagraph (a) of the

5

West Virginia long-arm statute. See W.Va. Code § 56-3-33. Accordingly, the Court cannot exercise personal jurisdiction over Defendants Williams and Connors because they did not engage in any specified acts, and their actions took place outside of West Virginia.

Next, the Plaintiff argues that there are no alternative remedies for his alleged Eighth Amendment violations:

> The Plaintiff's claims ARE valid under Abbasi and Carlson v. Green for deliberate indifference and cruel and unusual punishment. There ARE NO alternative remedy(ies) for Eighth Amendment violations. The FBOP's Administrative Remedy Program IS NOT a viable remedy because in the Plaintiff's experience, he has met with resistance at all levels of the process and FBOP staff HAVE NOT made any efforts over the last six (6) years to resolve issues at the LOWEST level. The Plaintiff DID pursue an FTCA action

ECF No. 113 at 13. Although the Defendants argued in their motion to dismiss that this action should be dismissed because alternative remedies were available to the Plaintiff, this was just one of many theories articulated for dismissal. The Magistrate Judge's R&R does not rely upon this basis for dismissal. Indeed, most of the Plaintiff's objections are generalized restatements of his opposition to the Defendants' arguments.

The Plaintiff next objects to the R&R's finding that he failed to serve some of the

> Sood, Thompson, Bremar, Plaud, Kirby, McAdams, Weaver, Tanner, Hodnell, Connors, and John Does SHOULD NOT be dismissed for failure to serve or prosecute. See McGraw v. Gore 31 F.4th 844, at 44-45 (4th Cir CoA 2022) (And we note our decision of this issue in Robinson, in which we suggested that where an informa pauperis plaintiff, like McGraw, has no control over the delay in service of process by the Marshal Service, that delay "constitutes good cause requiring a Rule 4(m) extension 602 F.3d at 608-09. (citing Graham v. Satkowski, 51 F.3d 710, 713 (7th Cir 1995). The Defendants DID NOT provide adequate medical care.

6

Defendants:

ECF No. 113 at 14. The case Plaintiff cites does not apply here. In Robinson, the Fourth Circuit explained that "an *in forma pauperis* plaintiff should not be penalized for a delay caused by the court's consideration of his complaint. That delay is solely within the control of the district court." Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010) (cleaned up). Here, service was not wanting because of any delay caused by this Court. It was due to the Plaintiff not provided adequate information to effect service.

The Plaintiff objects to Warden Hudgins' dismissal as recommended in the R&R:

> those needs.") Warden Hudgins tacitly authorized the conduct - deliberate indifference of Defendants Clem and Dodrill and Thompson who was also present and failed to intervene on behalf of the Plaintiff. Circumstantial evidence shows that it was serious because the Plaintiff had a heart attack seventeen (17) days later. Therefore, Warden/Defendant Hudgins IS a proper Defendant. These Defendants SHOULD NOT be dismissed from this action.

ECF No. 113 at 17. Despite the Plaintiff's objection, there is no doctrine of respondeat superior in Bivens actions. Accordingly, supervisory defendants may not be held liable for the actions of their subordinates. See Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001).

The Court has reviewed the Plaintiff's objections and finds no basis for sustaining any of them. Therefore, the Plaintiff's Objections to the R&R are **OVERRULED**.

The Court incorporates the R&R by reference. Specifically, to the extent it has not been explicitly stated herein, the Court adopts and incorporates the facts, legal analysis, and conclusions provided in the Magistrate Judge's 25-page R&R.

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 110] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.

The Defendants' Motion to Dismiss is **GRANTED**. ECF No. 99. Thus, the Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** as to Defendant Hudgins only; however, the Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** as to all other Defendants. ECF No. 52.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record and to the *pro se* Plaintiff via certified mail at his last known address.

**DATED:** August 29, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE